IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 143

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| SHANE MCKINLEY SWIMMER, | ) |
| and | ) |
| EASTERN BAND OF CHEROKEE INDIANS, | ) |
| Garnishee. | ) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 84) Eastern Band of Cherokee Indians ("Tribe"), the Government's response (Doc. 85), and the Government's Motion for Order of Continuing Garnishment (Doc. 86).

In March of 2022, the Honorable Martin Reidinger, Chief United States District Judge, sentenced Defendant to 365 months imprisonment for his conviction of second-degree murder. Defendant was also ordered to pay a $100.00 criminal assessment and restitution in the amount of $1,014,527.00. Doc. 75.

On May 31, 2022, the Court granted an Application by the Government and entered a Writ of Continuing Garnishment (Doc. 81).

On June 16, 2022, the Tribe filed its Answer (Doc. 84) which sets forth objections and defenses to the Government's right to garnish and requests that the Writ be quashed. In particular, the Tribe argues that, pursuant to Section 16C-5(d) of the Cherokee Code, the *per capita* distribution of net gaming revenues is exempt from creditors, except for (1) child support or (2) debts to the Tribe. The Tribe recognizes previous authority in this District finding that the Tribe's sovereign immunity has been abrogated by the Federal Debt Collection Procedures Act (the "FDCPA") but suggests that as a matter of comity and in the interest of the sound administration of justice, any garnishment order in this action should be enforced through the Cherokee Court to ensure the proper allocation of garnishment distributions.

However, as the Answer does not reference authorities that indicate the reasoning of the previous rulings from this District on these issues should now be re-examined, the undersigned finds that the funds sought to be garnished in this case should be collected, handled, and distributed by and through the Government and the Clerk of Court in the usual course. See e.g., United States v. Otter, No. 2:09cr25-MR, 2011 WL 148266 at *1 (W.D.N.C. Jan. 18, 2011) (finding that the "FDCPA uses unequivocal language" to waive tribal sovereign immunity and that as a result, the Eastern Band of Cherokee Indians "must pay over to the federal government any property in which the Defendant has a nonexempt interest…[including] a per capita distribution to tribal members of

gaming revenues") (internal citations omitted); see also United States v. Ray, No. CR-20-00780-001, 2022 WL 1289304, at *1 (D. Az. April 29, 2022) (explaining that "[c]ourts have routinely held that per capita payments from Indian gaming distributions are subject to garnishment" when discussing the Mandatory Victims Restitution Act and the FDCPA).

With respect to the timing of the request, a judgment debtor or the United States may file a written objection to the answer of a garnishee and request a hearing. Such filings are due "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

Here, Defendant is represented by counsel and it appears that, in addition to being served with paper copies of the relevant documents as described in the Motion for Order of Continuing Garnishment, defense counsel has received notice of the various filings through the ECF system and has access to those materials on the docket. Defendant has not requested a hearing with regard to the potential garnishment, and the statutory time period for him to do so has expired.

**IT IS THEREFORE ORDERED THAT:**

1. The Tribe's objections, defenses, and set offs are **OVERRULED** and its motion to quash is **DENIED**;

2. The Government's Motion for Order of Continuing Garnishment (Doc. 86) is **GRANTED**; and

3. An Order of Continuing Garnishment is **ENTERED** in the amount of $1,014,627.00, which is the balance of the debt as calculated through May 5, 2022. This Order shall attach to each *per capita* distribution of gaming revenues to which Defendant is entitled.

Signed: October 7, 2022

W. Carleton Metcalf
United States Magistrate Judge